IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| INTERACTIVE MEDIA NETWORKS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T INC.; AT&T CORP.; AT&T COMMUNICATIONS LLC; AT&T SERVICES INC.,<br><br>*Defendants*. | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Interactive Media Networks LLC ("IMN" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against: AT&T Inc., AT&T Corp., AT&T Communications LLC, and AT&T Services Inc. ("AT&T" or "Defendants"), alleging infringement of the following validly issued patents (the "Patents-in-Suit"): U.S. Patent No. 8,966,526 titled "Internet-based submission of cable network content" (the "'526 Patent) and U.S. Patent No. 8,108,894 titled "Internet-based submission of cable network content" (the "'894 Patent"), attached hereto as Exhibits A1 and A2 respectively.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

3. Interactive Media Networks LLC is a Delaware company with a registered office at 251 Little Falls Drive, Wilmington, DE, 19808 and that may be served via its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. Defendant AT&T Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 208 S. Akard St. Dallas, TX 75202. AT&T Inc. may be served via its registered agent, The Corporation Trust Company, 1209 N Orange St., Wilmington, DE 19801.

5. Defendant AT&T Corp. is a corporation organized and existing under the laws of the State of New York, with a principal place of business at One AT&T Way, Bedminster, NJ 07921-0752. AT&T Corp. may be served via its registered agent, The Corporation Trust Company, 1209 N Orange St., Wilmington, DE 19801.

6. Defendant AT&T Communications, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 295 North Maple Ave., Basking Ridge, NJ 07920. AT&T Communications, LLC, may be served via its registered agent, The Corporation Trust Company, 1209 N Orange St., Wilmington, DE 19801.

7. Defendant AT&T Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 175 East Houston Street, San Antonio, TX 78205. AT&T Services, Inc. may be served via its registered agent, The Corporation Trust Company, 1209 N Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

8. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

9. The Court has personal jurisdiction over Defendants for the following reasons: (1) Defendants are present within or have minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendants have purposefully availed itself of the privileges of

conducting business in the State of Texas and in this district; (3) Defendants have sought protection and benefit from the laws of the State of Texas; (4) Defendants regularly conduct business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this district; and (5) Defendants have purposely availed themselves of the privileges and benefits of the laws of the State of Texas.

10. Defendants, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the infringing products which contain the infringing elements as detailed below (e.g. the Accused Products). Upon information and belief, Defendants have committed patent infringement in the State of Texas and in this district; Defendants solicit and have solicited customers in the State of Texas and in this district; and Defendants have paying customers who are residents of the State of Texas and this district and who each use and have used the Defendants' products and services in the State of Texas and in this district.

11. Venue is proper in the Eastern District of Texas over AT&T Inc. pursuant to 28 U.S.C. §§ 1400(b). Defendant AT&T Inc. maintains a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For instance, upon information and belief, Defendant AT&T Inc. maintains a regular and established place of business at 6000 N Central Expy, Plano, TX 75074.

12. Venue is proper in the Eastern District of Texas over AT&T Corp. pursuant to 28 U.S.C. §§ 1400(b). Defendant AT&T Corp. maintains a regular and established place of business

in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For instance, upon information and belief, Defendant AT&T Corp. maintains a regular and established place of business at 6000 N Central Expy, Plano, TX 75074.

13. Venue is proper in the Eastern District of Texas over Defendant AT&T Communications, LLC pursuant to 28 U.S.C. §§ 1400(b). Defendant AT&T Communications, LLC is incorporated in this district, maintains a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For instance, upon information and belief, Defendant AT&T Communications, LLC maintains a regular and established place of business at 6000 N Central Expy, Plano, TX 75074.

14. Venue is proper in the Eastern District of Texas over Defendant AT&T Services, Inc. pursuant to 28 U.S.C. §§ 1400(b). Defendant AT&T Services, Inc. is incorporated in this district, maintains a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district. For instance, upon information and belief, Defendant AT&T Services, Inc. maintains a regular and established place of business at 6000 N Central Expy, Plano, TX 75074.

## PATENTS-IN-SUIT

15. Plaintiff incorporates the above paragraphs herein by reference.

16. On February 24, 2015, United States Patent No. 8,966,526 titled "Internet-based submission of cable network content" was duly and legally issued by the United States Patent and Trademark Office. The '526 Patent is presumed valid and enforceable.

17. On January 31, 2012, United States Patent No. 8,108,894 titled "Internet-based

submission of cable network content" was duly and legally issued by the United States Patent and Trademark Office. The '894 Patent is presumed valid and enforceable.

18. Plaintiff is the assignee of all right, title and interest in the Patents-in-Suit including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit.

19. The Patents-in-Suit relates to the selection and delivery of advertising information through cable networks. *See* Ex. A at 1:13-15.

20. The inventions disclosed in the Patents-in-Suit were not well-understood, routine, or conventional. At the time the Patents-in-Suit were filed, submission of television advertisements to cable TV companies was a cumbersome process. *See* Ex. A at 1:27-30. First, time was needed to process advertising submissions, thus causing delays. *See* Ex. A at 1:30-32. Furthermore, once a submission was approved, the advertisement was run for an agreed-upon period of time. *See* Ex. A at 1:32-34. The result was a lack of flexibility for the advertiser, as the advertiser was "stuck" with that particular listing for a fixed period of time, even if the needs of the advertiser changed (such as having new contact information). *See* Ex. A at 1:38-41. Moreover, the television viewer had no means of viewing listings for advertising interactively. *See* Ex. A at 1:39-40. Although systems did exist which allowed users to surf the Internet via a cable television connection and thus access product listings and advertiser listings, those systems did not allow advertisers to submit advertising content over the Internet and thereby focus advertising content delivery. *See* Ex. A at 1:48-57.

21. The Patents-in-Suit addressed these technical challenges by, for example, teaching a cable network content delivery system configured to provide advertising information via a cable network. *See* Ex. A at 2:4-6. The system includes a data gateway configured to store the advertising

information, the advertising information itself (adapted by the cable content generator using advertisements submitted over the Internet), a provider of the advertising information, and a retriever which allows users to retrieve the advertising information. *See* Ex. A at 2:6-17.

22. The claims of the Patents-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in improving the efficiency and interactivity of television advertisements.

23. Moreover, the inventions taught in the Patents-in-Suit, which are rooted in improving the efficiency and interactivity of television advertisements, cannot be performed with pen and paper or in the human mind. Additionally, because the Patents-in-Suit teach a mechanism to improve efficiency and interactivity of television advertisements, the solutions they teach are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

24. Defendants make, use, offer for sale, sell in the U.S., and/or import into the U.S. products, systems, and/or services that infringe at least one claim of each of the Patents-in-Suit, including, but not limited to AT&T TV (the "Accused Products" or "Accused Instrumentality"). AT&T TV (integrated with the Xandr advertising solution) includes set-top boxes that receive content information from advertisers through an advertising interface and distribute those advertisements to users.

## COUNT I
### (Infringement of U.S. Patent No. 8,966,526)

25. Plaintiff incorporates the above paragraphs herein by reference.

26. The '526 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 24, 2015. The '526 Patent is presumed

valid and enforceable. *See* 35 U.S.C. § 282.

27. Plaintiff is the owner by assignment of the '526 Patent and possesses all rights of recovery under the '526 patent, including the exclusive right enforce the '526 Patent and pursue lawsuits against infringers.

28. Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe on one or more claims of the '526 Patent by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '526 systems and methods, in violation of 35 U.S.C. § 271.

### Direct Infringement – 35 U.S.C. § 271(a)

29. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

30. Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe on one or more claims of the '526 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '526 systems and methods, in violation of 35 U.S.C. § 271.

31. Defendants have been and now are directly infringing by, among other things, practicing all of the steps of the '380 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See, e.g., Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1366 (Fed. Cir. 2001) (noting that "testing is a use of the invention that may infringe under § 271(a)").

32. By way of example, Defendants have infringed and continue to infringe at least one

or more claims of the '526 Patent, including at least Claim 16. Attached hereto as Exhibit B1 is an exemplary claim chart detailing representative infringement of Claim 16 of the '526 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

33. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

34. Defendants have been and now are indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '526 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendants' customers and other third parties interacting with the accused technology.

35. Defendants had knowledge of the Patents-in-Suit when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

36. Defendants knew the actions of making, using, selling, offering for sale, and/or importing the Accused Products infringes the '526 Patent and yet Defendants induced and continue to induce others-including partners, customers, and third parties-to directly infringe at least one claim of the '526 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to

infringe another's patent, and so may justly be held liable for that infringement").

37. For example, Defendants induce their users to use the infringing AT&T TV, actively prompting infringement by advertising infringing features and providing instructions on how to use them. *See, e.g.,* Ex. C [1], Ex. D [2], and Ex. E [3] (advertising AT&T TV and the integrated Xandr advertising solution); Ex. F [4] and Ex. G [5] (advertising the infringing technology of the integrated Xandr advertising solution and providing detailed directions on how it functions). These resources both advertise the infringing technology and provide detailed directions on how it functions.

38. The allegations herein support a finding that Defendants induced infringement of the '526 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

<u>Contributory Infringement – 35 U.S.C. § 271(c)</u>

39. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

40. Defendants had knowledge of the Patents-in-Suit when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012)

---

[1] Available at https://web.archive.org/web/20201001181235/https://www.att.com/tv/device-features/.
[2] Available at https://about.att.com/story/2018/att_launches_xandr.html.
[3] Available at https://web.archive.org/web/20201014195847/https://www.xandr.com/about/.
[4] Available at https://web.archive.org/web/20200921160826/https://www.xandr.com/media/unique-ad-formats/.
[5] Available at https://web.archive.org/web/20200921153650/https://www.xandr.com/media/curated-supply/.

(citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

41. On information and belief, Defendants contribute to their users' infringement of at least Claim 16 of the '526 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**Willful Infringement**

42. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

43. Defendants had knowledge of the Patents-in-Suit when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

44. Despite their knowledge of the '526 Patent, Defendants have continued to make, use, sell, offer for sale, and/or import the Accused Product the Accused Product in egregious disregard of Plaintiff's patent rights. Defendants have acted recklessly and engaged in willful, wanton, and deliberately acts of infringement of the '526 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C.

§ 285.

## COUNT II
### (Infringement of U.S. Patent No. 8,108,894)

45. Plaintiff incorporates the above paragraphs herein by reference.

46. The '894 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 31, 2012. The '894 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

47. Plaintiff is the owner by assignment of the '894 Patent and possesses all rights of recovery under the '894 Patent, including the exclusive right enforce the '894 Patent and pursue lawsuits against infringers.

48. Without a license or permission from Plaintiff, Defendants have infringed and continue to directly and indirectly infringe on one or more claims of the '894 Patent by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '894 systems and methods, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

49. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

50. Without a license or permission from Plaintiff, Defendants have infringed and continue to directly infringe on one or more claims of the '894 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '894 systems and methods, in violation of 35 U.S.C. § 271.

51. Defendants have been and now are directly infringing by, among other things,

practicing all of the steps of the '894 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See, e.g., Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1366 (Fed. Cir. 2001) (noting that "testing is a use of the invention that may infringe under § 271(a)").

52. By way of example, Defendants have infringed and continue to infringe at least one or more claims of the '894 Patent, including at least Claim 15. Attached hereto as Exhibit B2 is an exemplary claim chart detailing representative infringement of Claim 15 of the '894 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

53. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

54. Defendants have been and now are indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '894 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products incorporating the accused technology. End users include, for example, Defendants' customers and other third parties interacting with the accused technology.

55. Defendants had knowledge of the Patents-in-Suit when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

56. Defendants knew the actions of making, using, selling, offering for sale, and/or importing the Accused Products infringes the '894 Patent and yet Defendants induced and

continue to induce others-including partners, customers, and third parties-to directly infringe at least one claim of the '894 Patent under 35 U.S.C. § 271(b). Defendants took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

57.     For example, Defendants induce their users to use the infringing AT&T TV, actively prompting infringement by advertising infringing features and providing instructions on how to use them. *See, e.g.*, Ex. C [6], Ex. D [7], and Ex. E [8] (advertising AT&T and the integrated Xandr advertising solution); Ex. F [9] and Ex. G [10] (advertising the infringing technology of the integrated Xandr advertising solution and providing detailed directions on how it functions). These resources both advertise the infringing technology and provide detailed directions on how it functions.

58.     The allegations herein support a finding that Defendants induced infringement of the '894 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) ("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

---

[6] Available at https://web.archive.org/web/20201001181235/https://www.att.com/tv/device-features/.
[7] Available at https://about.att.com/story/2018/att_launches_xandr.html.
[8] Available at https://web.archive.org/web/20201014195847/https://www.xandr.com/about/.
[9] Available at https://web.archive.org/web/20200921160826/https://www.xandr.com/media/unique-ad-formats/.
[10] Available at https://web.archive.org/web/20200921153650/https://www.xandr.com/media/curated-supply/.

**Contributory Infringement – 35 U.S.C. § 271(c)**

59. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

60. Defendants had knowledge of the Patents-in-Suit when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

61. On information and belief, Defendants contribute to their users' infringement of at least Claim 15 of the '894 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

**Willful Infringement**

62. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

63. Defendants had knowledge of the Patents-in-Suit when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1345 (Fed.Cir.2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

64.     Despite their knowledge of the '894 Patent, Defendants have continued to make, use, sell, offer for sale, and/or import the Accused Product the Accused Product in egregious disregard of Plaintiff's patent rights. Defendants have acted recklessly and engaged in willful, wanton, and deliberately acts of infringement of the '894 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### Plaintiff Suffered Damages

65.     Defendants' acts of infringement of the Patents-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

### REQUEST FOR RELIEF

66.     Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)     enter a judgment that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the Patents-in-Suit;

(b)     enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendants' infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c)     enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the Patents-in-Suit;

(d) issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendants, their directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Patents-in-Suit;

(e) enter a judgment requiring Defendants to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f) award Plaintiff all other relief that the Court may deem just and proper.

Dated: August 16, 2022                    Respectfully submitted,

*By: /s/   Kirk J. Anderson*
Kirk J. Anderson (CA SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Plaintiff Interactive Media Networks LLC*